# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30006
No. 08-30400
Summary Calendar

SCHOOL BOARD OF BEAUREGARD PARISH,

                              Plaintiff-Appellant,

v.

HONEYWELL INC.,

                              Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
No. 2:07-CV-1459

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

   The Beauregard Parish School Board ("BPSB") sued to preserve its various

claims against Honeywell Inc. ("Honeywell") in case the district court did not al-

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

low BPSB to supplement its complaint in an earlier suit. Honeywell moved to abate and dismiss the suit as duplicative; the district court agreed, and BPSB appealed. Soon thereafter, the court ordered sanctions on BPSB's counsel under Federal Rule of Civil Procedure 11, which order BPSB also appeals. Under Federal Rule of Appellate Procedure 3(b)(2), we sua sponte consolidate the appeals. We affirm the first appeal and, because we lack jurisdiction, we dismiss the second appeal.

I.

BPSB entered into a ten-year maintenance contract with Honeywell in 1996. In August 2005, BPSB sued Honeywell ("first suit") to recover on claims arising out of the contract. In August 2006, the contract expired. In February 2007, Honeywell moved for partial summary judgment.

On August 31, before the district court ruled on the motion, BPSB filed concurrently (1) a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15 and (2) an entirely new complaint in the district court ("second suit"), which forms the basis of this consolidated appeal. The filings are materially identical and include events occurring after the first suit was filed. They also repeat many of the facts and claims found in the original complaint.

On September 24, the district court granted summary judgment in the first suit for Honeywell on most of BPSB's claims. On October 19, the court denied BPSB's motion for leave to file the supplemental complaint.

On October 17, Honeywell filed a motion to abate and dismiss the second suit, alleging that the claims in the second suit merely repeat the first suit's claims and, as of October 2007, the district court had already disposed of most of those claims on their merits. BPSB opposed, claiming that the dismissal of the claims in the first suit was merely interlocutory and not a final judgment

and that new facts had arisen after the filing of the first lawsuit. On November 19, the court granted the motion, the appeal of which became No. 08-30006.

Though the court later ordered BPSB to bear Honeywell's attorney's fees in the second suit under rule 11, it has not yet specified a monetary amount. Nevertheless, BPSB appealed the order, which became No. 08-30400. Honeywell moves to dismiss the second appeal.

II.

We review the dismissal of a complaint for abuse of discretion. Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007); Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1160-61 (5th Cir. 1992). In its November order, the district court dismissed BPSB's claims "as part of its general power to administer its docket" and cited Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). It explained that "[b]ecause BPSB alleges new claims that were ripe on August 31, 2006, one year before the court heard argument on the parties' motions for summary judgment, and because this court has already dismissed BPSB's claims, Honeywell's Motion to Abate and Dismiss BPSB's 2007 complaint is hereby granted."

In Dillard, 961 F.2d at 1160 n.27, we found that when there is a second claim, duplicative of a first claim awaiting inclusion into another lawsuit under rule 15, it is an abuse of discretion to dismiss the second claim with prejudice. Here, as in Dillard, the complaint in the second suit largely resembles what BPSB's supplemental complaint asserted in the first. We assume, moreover, that the dismissal is with prejudice, because the court did not state otherwise in its order. Id.

Unlike the situation in Dillard, however, the district court here had already denied the motion to supplement the original complaint in the first suit by the time it dismissed the second. Additionally, because the court has now en-

tered its final judgment in the first suit, BPSB can brief on appeal the denial of its rule 15 motion. Accordingly, because there is no abuse of discretion in dismissing the second suit with prejudice, we affirm in No. 08-30006.

### III.

BPSB appeals the award of attorney's fees in No. 08-30400. In Southern Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 131 (5th Cir. 1993) (per curiam), we established that an award of sanctions without specifying a quantum is not a final order and is not appealable. As in Southern Travel, the award of sanctions here does not specify a dollar amount and is not final, so we have no jurisdiction over the appeal. Therefore, we dismiss No. 08-30400 for want of jurisdiction. See Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1413 n.18 (5th Cir. 1994).

CONSOLIDATED; AFFIRMED IN PART and DISMISSED IN PART.